STATE, THE CITY OF PERTH AMBOY, PROSECUTOR, v. WILLIAM BROPHY.

1. The Court of Common Pleas of the county of Middlesex has not power to discharge, under the insolvent laws, a defendant from confinement he is undergoing in the county jail, by virtue of an execution against the body, issued by the recorder of the city of Perth Amboy, on conviction for violation of the ordinance of said city in relation to inns and taverns, beer saloons, &c.
2. Proceedings under said ordinance are criminal in their character.
3. The insolvent laws apply only to civil actions.

On *certiorari* to Middlesex Common Pleas.

Argued at June Term, 1881, before Justices DIXON and PARKER.

For the prosecutor, *J. W. Beekman.*

For the defendant, *J. Kearny Rice.*

The opinion of the court was delivered by

PARKER, J.   William Brophy was tried and convicted before the recorder of the city of Perth Amboy, for keeping a beer saloon in said city, contrary to the first section of an ordinance of said city in relation to inns and taverns, beer saloons, &c.

By the provisions of the said ordinance, a penalty of $50 is imposed for its violation. Upon conviction of Brophy execu-

tion was issued, commanding the officer to whom it was directed to make the penalty and costs of his goods and chattels, and for want thereof, to take his body and deliver him to the keeper of the jail of the county of Middlesex. The officer not finding goods, delivered the body of Brophy to the keeper of said jail; whereupon Brophy gave bond, under the act entitled "An act for the relief of persons imprisoned on civil process," and upon giving such bond he was released from custody.

Upon application, under said act, for his discharge as an insolvent debtor, the city of Perth Amboy opposed, and moved to dismiss for want of jurisdiction in the Court of Common Pleas. The motion was denied, the petition granted, and the prisoner discharged.

The question to be decided is, whether the insolvent laws gave the Court of Common Pleas power to discharge Brophy from the confinement he was undergoing by virtue of the execution which had been issued by the recorder of the city of Perth Amboy.

The insolvent laws of the state provide only for the relief of persons imprisoned on civil process.

Was Brophy imprisoned on civil process?

The twelfth section of the act entitled "An act to revise the charter of the city of Perth Amboy," approved March 17th, 1870, provides that the recorder of the city shall have jurisdiction to determine and give judgment for violation of ordinances of the city, without the filing of any pleadings, and forthwith to issue execution against the goods and body of the person convicted. It is further provided that the fine shall not exceed $50, and that the term of imprisonment shall not exceed sixty days for each offence, and application may be made to the council for the remission of any penalty.

After the act above referred to became a law, the council of the city passed an ordinance, by which it was ordained that no person should carry on the business of an inn-keeper, a tavern-keeper, keeper of a restaurant, or beer saloon within the corporate limits of the city, without a license, under the

penalty of $50. It was also ordained that any penalty arising under the ordinance, may be recovered before the recorder in the manner provided by the city charter; and it was made the special duty of the policemen of the city to see that the requirements of the ordinance should be complied with, under penalty of dismissal from office.

It will be observed that the procedure, under the charter of the city, for the recovery of the penalty, is not by action of debt, nor before a justice of the peace, but before the recorder, who is a city officer. The proceeding is summary, merely by complaint under oath, and without pleadings.

The ordinance in this case, was framed in consonance with the general policy of the state to punish the illegal sale of ardent spirits or malt liquors, and in the interest of public order, and not simply for the benefit of the municipality of Perth Amboy. It is in the nature of a public prosecution, and in spirit, a police regulation.

A proceeding like an action of debt, before a civil tribunal, is not provided.

A public prosecution for an offence made penal by a city ordinance because of its supposed evil consequences to society, is considered to be a criminal and not a civil proceeding. *State* v. *Stearns*, 11 *Foster* (*N. H.*) 106.

The proceeding in this case is criminal in its nature, and the insolvent laws, which apply only to civil actions, did not give power to the Court of Common Pleas to discharge Brophy.

The order of discharge as an insolvent debtor is set aside, with costs.